**UNION CASUALTY CO v MONTELIONE**

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10597. Decided April 14, 1930

Gentsch & Lang, Cleveland, for Casualty Co.

White, Hammond, Brewer & Curtiss, Cleveland, for Montelione.

**SULLIVAN, J.**

It is claimed by the plaintiff that there is credible evidence in the record showing tuberculosis and from clause (h) quoted above it will be seen that the existence of this disease is a basis for recovery under the policy providing there is no other element in the case which precludes it.

The special claim is made that the tuberculosis applies to the epididymis, and is known as "tubercular epididymitis". Epididymis is known as an oblong body and as the dictionaries say, is composed of the convoluted efferent duct of the testis at the posterior part of the organ. A further analysis of the word is that it is compound in its nature in the Greek, composed of the words "epi" and "didymos" the former meaning "upon" and the latter "testicle", signifying therefore, "upon the testicle" and located at the posterior part of that organ.

The plaintiff asserts that the tuberculosis applies to this organ and is therefore proof that the assured had tuberculosis under the provisions of the policy quoted above, under clause (h). There is no serious claim made and nothing in the proof of substantial nature that tuberculosis applies to any other portion of the body. Therefore, as to the disease itself, it can only have application in the record to this organ described.

The defendant claims that even if these assertions of the plaintiff are true, that it comes under the inhibition in that provision of the policy quoted above as General Provision (II) which excludes it from consideration because it is a "disease or condition" to use the words of the provision, "not common to both sexes.'"

It will be noted that there are two words connected by the conjunction "or" to-wit, "disease" and "condition" and while under the record, confining the disease to the organ in question it might be said that the disease was tuberculosis and therefore is a disease common to both sexes, the defendant however, as to the existence of tuberculosis even as to the organ in question, contends that the evidence is insufficient to show tuberculosis because the examination was of such a perfunctory nature that the conclusion that it was tuberculosis was not based upon the existence of bacilli, and it is argued that the general trend of the evidence in this case as to the existence of the disease in any other portion of the body is so slight, that it is unworthy of legal consideration, and that therefore, if we confine ourselves to the question of tuberculosis as to the organ, it is urged by the defendant that the verdict and judgment is clearly and manifestly against the weight of the evidence, and should be reversed upon this ground alone. We find, however, that a proper construction of General Provision (2) as quoted above, makes it necessary to take into consideration not only the word "disease" but the word "condition" in order to determine whether there is any virtue in the argument of plaintiff that tuberculosis is a disease or condition common to both sexes.

When we anlalyze the evidence in connection with the word "condition" we come to the conclusion that tuberculosis of this particular organ in question is not a condition that is common to both sexes because such an organ does not exist in the female sex but is confined alone to the male sex.

The condition of the organ may be tubercular in its nature but the organ and the disease when considered together create a condition which is that an exclusively male organ is contaminated with the disease of tuberculosis. This is a situation or condition which is not common to both sexes and in our judgment we must consider the word "condition" with the same assiduity that we consider the word "disease" and in thus doing it is our judgment that adhering to the word "condition" we find under the record that such a status is not common to both sexes.

Opposing counsel dwelt mainly in the argument of the case upon the question of disease alone, as if the word "condition" were not just as material under the provisions of General Provisions (2). We find the same situation in the briefs.

Our own view is that this word cannot be eliminated from consideration and that it has a significance much broader in its nature than the word "disease." "Condition" is the state or mode in which a person or thing exists. The disease and the organ itself, even though the disease were tubercular is a state or mode produced by the tuberculosis and the organ and it is upon this theory that we distinguish between the word "disease" and "condition" because the latter word is more elastic and significant in its nature and therefore embodies more than the word "disease."

We are not prepared to say, from an examination of the record, that the judgment and verdict is clearly and manifestly against the weight of the evidence as to the question of tuberculosis as it applies to the organ under consideration, but if we are correct in our holding that under the facts in the record a condition was created not common to both sexes, then there can be no recovery under the policy, under the provisions quoted.

Thus holding, the judgment of the lower court is hereby reversed and the fact which we use as the basis for this decision is the reason above noted and that being ultimate in its nature, final judgment is rendered in behalf of plaintiff in error, The Union Casualty Company.

Vickery, PJ., and Levine, J., concur.